UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MAUREEN E. SCOTT,

                              Plaintiff,

          v.                                                         5:09-CV-1122
                                                                               (GTS/GHL)

HEATHER DJECK, *et al.*,

                              Defendants.
_____

APPEARANCES

Maureen E. Scott
Plaintiff, *pro se*

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a *pro se* civil rights complaint submitted by Maureen E. Scott[1] ("Plaintiff"). Dkt. No. 1. Plaintiff also submitted an application to proceed *in forma pauperis*. Dkt. No. 2. Based on the following, I recommend that Plaintiff file an amended complaint should Plaintiff wish to avoid dismissal of this action.

**I.    The Complaint**

    **A.    Plaintiff and Children**

Plaintiff seeks to bring the complaint on behalf of herself and her children. Dkt. No. 1, at p. 1.[2] The complaint indicates that the children are now adults. *Id.* However, Plaintiff, who is a non-attorney, may not represent the claims of any other person, including her adult offspring. *Chase v. Czajka*, No. 1:05-CV-0779, 2007 WL 680741, at *1, n.2 (N.D.N.Y. Feb. 28, 2007) (citing *Tindall v. Poultney High Sch. Dist.*, 414 F. 3d 281 (2d Cir. 2005)). Moreover, the complaint does not identify the children by

___

[1] Plaintiff previously filed two actions in this District: *Scott v. U.S. Supreme Court, et al.*, 5:98-CV-1142 (TJM/GJD) (transferred to W.D.N.Y.) and *Scott v. Eden Park Nursing*, 5:98-CV-1143 (TJM/GJD) (dismissed).

[2] Page numbers refer to those assigned by the Court's electronic filing system.

name and is signed only by Plaintiff.[3] Dkt. No. 1. Therefore, Plaintiff may not represent her children. Accordingly, the Clerk should be directed to remove the party text "and children" from Plaintiff's name on the docket.

### B.     Additional Defendants

A review of the complaint and the docket reveals that six entities that were named as defendants in the complaint are not included as defendants on the docket. *See* Dkt. No. 1, at p. 1 (caption). Accordingly, the Clerk should be directed to add the following as defendants: Sheriff of Oneida County; "N.Y.S. Atty Gen.;" "N.Y.S. Court System;" U.S. Court System; "N.Y.S. Health Dept.;" and "N.Y.S. Gov. Office." *See id.*

### C.     28 U.S.C. § 1915(e)(2)(B)

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, the court has a responsibility to determine whether a complaint may be properly maintained in this district before it may permit a plaintiff to proceed with an action *in forma pauperis*. *See id.* The court also has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

---

[3] In addition, it appears that Plaintiff is unaware of the location and well-being of her children. Dkt. No. 2, at p. 2.

Generally, Plaintiff alleges that she was wrongfully arrested and detained, and that her property and life were endangered.[4] Dkt. No. 1 at pp. 2, 9. Plaintiff was detained at Oneida County Correctional Facility and later at Oneida County Psychiatric Center. *Id.* at pp. 11-12. Plaintiff named over fifty defendants, which will discussed in more detail as follows. Plaintiff seeks monetary and injunctive relief.

### 1. Defendants Campbell, Golden, and Djeck

Plaintiff alleges that her neighbors, Defendants Doug Campbell, Desiree Golden, and Heather Djeck, violated her civil rights by, *inter alia*, providing false information to the New York State Police, physically assaulting her, trespassing on her property, committing vandalism and arson, and impeding her ability to file complaints. Dkt. No. 1 at pp. 9-10, 25-26. Plaintiff also summarily claims that these defendants "molested" her. *Id.* at p. 28.

First, a plaintiff cannot hold a defendant liable under § 1983 unless he or she can establish that the defendant acted under color of state law. *See* 42 U.S.C. § 1983; *see also Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983). It is the plaintiff's duty to allege that the defendant acted under color of state law, and if a plaintiff fails to plead that element of his claim, a court may dismiss an action under 28 U.S.C. § 1915(e). *See*, *e.g.*, *Carollo-Gardner v. Diners Club*, 628 F.Supp. 1253, 1256 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint in which the plaintiff failed to allege state action by defendants) (citations omitted).

Here, Plaintiff has not alleged any state action by Doug Campbell, Desiree Golden, and Heather Djeck. The complaint indicates that these defendants are private individuals, who are Plaintiff's

---

[4] The Court notes that the allegations in the complaint are rambling and disjointed in contravention of Fed. R. Civ. P. 8(a)(2), which requires that the complaint contain a short and plain statement of the claim.

neighbors. Therefore, the complaint fails to state a claim upon which relief may be granted against these defendants.

Second, regarding the conclusory allegation that she was "molested" by these defendants, "[t]he Second Circuit has held that 'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Jemzura v. Public Serv. Com'n*, 961 F. Supp. 406, 413 (N.D.N.Y. 1997) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)).

Here, Plaintiff has provided a one-sentence conclusory allegation that she was "molested." Plaintiff provides absolutely no specific allegations of fact to support this allegation. Therefore, Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, I recommend that Defendants Campbell, Golden, and Djeck be dismissed as defendants.

### 2. Defendant McCormick

Plaintiff claims that she provided a "Notice of Claim" to Defendant Michael McCormick, an attorney for Mental Hygiene Legal Services ("M.H.L.S."). Dkt. No. 1 at p. 15.

An attorney employed by M.H.L.S. is not a state actor for purposes of § 1983. *Pecou v. Hirschfeld*, Case No. 07-cv-5449, 2008 WL 957919, at *2 (E.D.N.Y. Apr. 3, 2008) (dismissing all claims against M.H.L.S. attorneys) (citing *Fisk v. Letterman*, 401 F.Supp.2d 362, 378 (S.D.N.Y. 2005) (holding that a court-appointed attorney is not a state actor, even if employed by the M.H.L.S., a state-funded legal services agency under the direction of the New York State Office of Court Administration)).

Here, the complaint indicates that Defendant McCormick is an attorney for M.H.L.S. Therefore, he is not a state actor for purposes of § 1983. Accordingly, I recommend that Defendant McCormick be

dismissed because the complaint fails to state a claim upon which relief may be granted against this defendant.

### 3. Defendant Kehoe

Plaintiff claims that she was represented by Defendant Kehoe, a public defender, during a court proceeding on October 7, 2008. Dkt. No. 1 at pp. 14-15. Plaintiff summarily claims that this attorney lied during the proceeding. *Id.* at p. 23.

As noted, section 1983 creates a cause of action only against persons acting under color of state law. *See*, *e.g.*, *Rodriguez v. Phillips*, 66 F.3d 470, 473 (2d Cir. 1995). A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *accord Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997).

Here, Plaintiff's conclusory allegation is insufficient to establish that this defendant was acting under color of state law. Accordingly, I recommend that Defendant Kehoe be dismissed because the complaint fails to state a claim upon which relief may be granted against this defendant.

### 4. Defendant Hester

Plaintiff claims that Judge Hester of the Oneida County Supreme Court ordered that Plaintiff be returned to the psychiatric facility. Dkt. No. 1 at p. 16.

Judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). Judicial immunity has been created for the public interest in having judges who are "'at liberty to exercise their functions with independence and without fear of consequences.'" *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Judicial immunity applies even when the judge is accused

of acting maliciously or corruptly. *Imbler v. Pachtman*, 424 U.S. 409, 419 n.12 (1976)(citing *Pierson*, 386 U.S. at 554). Judicial immunity is immunity from suit, not just immunity from the assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). However, there are two circumstances in which judicial immunity does not apply: when he or she takes action "outside" his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 11-12.

Here, Plaintiff claims that Judge Hester ordered that Plaintiff be returned to the psychiatric facility. Plaintiff is clearly referring to a judicial act. However, Plaintiff does not claim that Judge Hester somehow acted "outside" of his judicial capacity, or that Judge Hester acted in the absence of jurisdiction. Therefore, judicial immunity should apply. Accordingly, Judge Hester should be dismissed as a defendant.

### 5. Defendant Ritter

Plaintiff alleges that Judge Mark Ritter, Town Judge of Forestport, New York, failed to render a decision regarding her claim that her neighbors vandalized her property even though Judge Ritter stated that he mailed a decision to her. Dkt. No. 1 at p. 12. Plaintiff also summarily claims that Judge Ritter violated her civil rights and that Judge Ritter "molested" her. *Id.* at pp. 24, 28. Plaintiff seeks the "dismis[sal]" of Judge Ritter and an award from his malpractice insurance carrier. *Id.* at p. 29.

First, Plaintiff's allegation regarding the rendering of a decision clearly refers to a judicial act. However, Plaintiff does not claim that Judge Ritter somehow acted "outside" of his judicial capacity, or that Judge Ritter acted in the absence of jurisdiction. Therefore, judicial immunity should apply.

Second, Plaintiff's allegations that Judge Ritter violated her civil rights and that he "molested" her are conclusory and insufficient to state a claim. Accordingly, Judge Ritter should be dismissed as a

defendant.

### 6. Defendant Tormey

Plaintiff alleges that Judge James Tormey, a Supreme Court Justice, "refused" numerous "Notices of Complaints" that Plaintiff sent to him. Dkt. No. 1, at p. 3. She also summarily alleges that Judge Tormey violated her civil rights and that Judge Tormey "molested" her. *Id.* at pp. 24, 28.

First, Plaintiff's allegation regarding Judge Tormey's handling of her complaints refers to a judicial act. However, Plaintiff does not claim that Judge Tormey somehow acted "outside" of his judicial capacity, or that Judge Tormey acted in the absence of jurisdiction. Therefore, judicial immunity should apply.

Second, Plaintiff's allegations that Judge Tormey violated her civil rights and "molested" her are conclusory and insufficient to state a claim. Accordingly, Judge Tormey should be dismissed as a defendant.

### 7. Defendant Escziac

Plaintiff alleges that she "never saw charges" from Judge Escziac, Town Judge of Booneville, New York. Dkt. No. 1, at p. 20. She also appears to claim that she never received "a hearing" and was never sentenced by Judge Escziac. *Id.* She further summarily alleges that Judge Escziac violated her civil rights, and that Judge Escziac "molested" her. *Id.* at pp. 24, 28. Plaintiff seeks the "dismis[sal]" of Judge Escziac and an award from his malpractice insurance carrier. *Id.* at p. 29.

First, Plaintiff's allegations regarding Judge Escziac's handling of a criminal matter refer to judicial acts. However, Plaintiff does not claim that Judge Escziac somehow acted "outside" of his judicial capacity, or that Judge Escziac acted in the absence of jurisdiction. Therefore, judicial immunity should apply.

Second, Plaintiff's allegations that Judge Escziac violated her civil rights and molested her are conclusory and insufficient to state a claim. Accordingly, Judge Escziac should be dismissed as a defendant.

### 8. Defendant Garramone

Plaintiff alleges that she "refiled" numerous "Notice of Complaints" with Defendant Grant Garramone, an Assistant District Attorney in Oneida County. Dkt. No. 1 at p. 3. Plaintiff appears to allege that this defendant failed to take action. *Id.* at p. 11. Plaintiff also summarily asserts that this defendant "molested" her. *Id.* at p. 28.

First, "'[p]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case.'" *Lindsey v. DeAngelis*, No. 1:07-CV-0753, 2007 WL 2261587, at *2 (N.D.N.Y. Aug. 2, 2007) (quoting *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995) (internal quotations and citations omitted); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence)). "This immunity applies to individual district attorneys for claims arising out of acts 'within the scope of their duties in initiating and pursuing criminal prosecution.'" *Lindsey*, 2007 WL 2261587, at *2 (citing *Pinaud*, 52 F.3d at 1147 (internal quotations and citations omitted)).

The allegations in the complaint relate to Defendant Garramone's handling of Plaintiff's complaints. Accordingly, he should be held absolutely immune. Therefore, the complaint fails to state a claim upon which relief may be granted against this defendant.

Second, Plaintiff's allegation that Defendant Garramone "molested" her is conclusory and insufficient to state a claim. Accordingly, Grant Garramone should be dismissed as a defendant.

### 9.    Defendants New York State Attorney General and Assistant Attorney General Trace[5]

Plaintiff claims that she sent notices of claims to the New York State Attorney General's Office in "as early as May [of] 2008." Dkt. No. 1 at p. 16. She also asserts that in late February of 2009, a hearing was held at which Defendant Trace, an Assistant Attorney General, "entered" a brief that he knew was based on hearsay. *Id.* at p. 15.

A prosecutor may not be held liable under § 1983 in his or her individual capacity for acts in performance of official duties. *Imbler v. Paachtman*, 424 U.S. 409, 430-31 (1976). The doctrine of *Imbler* has been extended to government attorneys handling administrative proceedings, *Butz v. Econoou*, 438 U.S. 478, 512-17 (1978), and to their initiation of civil litigation in federal and state courts, *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986); *see also Barr v. Abrams*, 810 F.2d 358, 361 (2d Cir. 1987) (holding assistant attorney generals immune from suit based on their actions in filing a criminal information and procuring arrest warrant); *see also Cohen v. Bane*, 853 F. Supp. 620, 627 (E.D.N.Y. 1994) (noting that "absolute immunity has been extended to government attorneys handling administrative proceedings and to the initiation of civil litigation").

Accordingly, the New York State Attorney General should be held absolutely immune with regard to the handling of Plaintiff's notices; and Assistant Attorney General Trace should be held immune with regard to the alleged brief. Accordingly, I recommend that Defendants New York State Attorney General and Assistant Attorney General Trace be dismissed.

### 10.    Defendant U.S. Commission of Civil Rights

Plaintiff named the U.S. Commission of Civil Rights as a defendant. She claims that she sent a

---

[5] Plaintiff named the latter defendant as "N.Y.S. Atty Gen. RE[:] Asst. Atty Gen. Trace." Dkt. No. 1, at p. 8.

"Notice of Claim" to the U.S. Commission of Civil Rights. Dkt. No. 1, at p. 15.

Plaintiff is advised that because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are barred under the doctrine of sovereign immunity, unless such immunity is waived. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or federal officers in their official capacities is essentially a suit against the United States, such suits are also barred under the doctrine of sovereign immunity, unless such immunity is waived.") (citations omitted).

Plaintiff has not established that sovereign immunity has been waived for this defendant. Accordingly, I recommend that the U.S. Commission of Civil Rights be dismissed as a defendant.

### 11. Defendant U.S. Court System

Plaintiff named the "U.S. Court System" as a defendant. Dkt. No. 1, at p. 1. However, Plaintiff has not established that sovereign immunity has been waived for this defendant. Accordingly, I recommend that the U.S. Court System be dismissed as a defendant.

### 12. Defendant New York State Police

Plaintiff named the New York State Police as a defendant. Dkt. No. 1, at p. 1. However, the New York State Police is a division of the State of New York, which is entitled to Eleventh Amendment immunity from suits brought pursuant to 42 U.S.C. § 1983. *Pollock v. Daniels*, No. 3:07-CV-0637, 2007 WL 4232700, at *1 (N.D.N.Y. Nov. 28, 2007) (citing, *inter alia*, *Dunn v. Carrier*, 137 Fed. Appx. 387 (2d Cir. 2005)). Accordingly, I recommend that the New York State Police be dismissed as a defendant.

### 13. Defendant New York State Court System

Plaintiff named the "N.Y.S. Court System" as a defendant. Dkt. No. 2. It appears that Plaintiff is referring to the New York State Unified Court System. However, the New York State Unified Court System "is unquestionably an 'arm of the State' and is entitled to Eleventh Amendment sovereign immunity." *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009) (citation omitted). Accordingly, I recommend that the "N.Y.S. Court System" be dismissed as a defendant.

### 14.     Defendant New York State Health Department

Plaintiff named the "N.Y.S. Health Dept." as a defendant. Dkt. No. 1, at p. 1. However, any claim against the New York Department of Health is barred by the State's sovereign immunity. *Six Nations of Iroquois (Confederacy) of North America v. Niagara Mohawk Power Corp.*, No. 98-CV-0112, 1999 WL 528822, at *3 (W.D.N.Y. July 22, 1999) (citing *Edelman v. Jordan*, 415 U.S. 651 (1974); *Quern v. Jordan*, 440 U.S. 332 (1979)). Accordingly, I recommend that the "N.Y.S. Health Dept." be dismissed as a defendant.

### 15.     Defendants McNamara, Miga, Smith, Schmelzle, and the Town of Forestport Court Clerk

Plaintiff alleges in one sentence that she was "molested" by the following defendants: Scott McNamara (District Attorney of Oneida County); Brian Miga (Supervisor of Forestport Town Hall); Mr. Smith (Codes Officer of Forestport Town Hall); Kathy Schmelzle (Clerk of Forestport Town Hall in 2007); and the Town of Forestport Court Clerk. Dkt. No. 1 at p. 28.

Plaintiff's conclusory allegation is completely unsupported by specific allegations of fact and is insufficient to state a claim. Accordingly, Defendants McNamara, Miga, Smith, Schmelzle, and the Town of Forestport Court Clerk should be dismissed as defendants.

### 16.     Defendants Paschke; Oneida County Psychiatric Dietary; Mendolez; Totaro; Mills; Dr. Smith; Giacona; Stevens; "Bernabi and (Katz) Wachtel,

**PLLC;" Daffan; Branch; Smith, Sovik, Kendrick and Sugnet; Ciaccio; Olinsky and Shurtliff; Silberstein, Awad and Miklos; Carroll and Carroll; Kenny and Kenny; Green and Foushee; Bach; Nesbuth; Oneida County Health Department; and Gilmore**

The complaint fails to allege any act or omission by Defendants Paschke (Receiver of Taxes); Oneida County Psychiatric Dietary; Dr. Mendolez; Nurse Practitioner Cathy Totaro; Mills, R.N.; Dr. Smith; Samuel Giacona (Previously Retained Attorney); William Stevens (Previously Retained Attorney); "Bernabi and (Katz) Wachtel, PLLC;" Katti Daffan; Patricia Branch (Officer Manager); Smith, Sovik, Kendrick and Sugnet, Attorneys; Christopher S. Ciaccio, Attorney; Olinsky and Shurtliff, Attorneys; Silberstein, Awad and Miklos, Attorneys; Carroll and Carroll, Attorneys; Kenny and Kenny, Attorneys; Green and Foushee, Attorneys; Richard N. Bach; Nesbuth (Public Defender); Oneida County Health Department; and Daniel W. Gilmore (Director of Environmental Health), or any involvement by these Defendants in the violation of Plaintiff's rights. Where a defendant is listed in the caption but the body of the complaint fails to indicate what the defendant did to the plaintiff, dismissal is appropriate. *Gonzalez v. City of N.Y.*, No. 97 CIV. 2246, 1998 WL 382055, at *2 (S.D.N.Y. July 9, 1998) (citing *Crown v. Wagenstein*, No. 96 CIV. 3895, 1998 WL 118169, at *1 (S.D.N.Y. Mar. 16, 1998) (mere inclusion of warden's name in complaint insufficient to allege personal involvement); *Taylor v. City of New York*, 953 F. Supp. 95, 99 (S.D.N.Y. 1997) (same)).

Plaintiff has failed to allege any personal involvement on the part of these defendants. Therefore, they should be dismissed from this action.

### 17.    **Defendant Sheriff of Oneida County**

First, Plaintiff vaguely claims that the Oneida County Sheriff never showed her charges that were brought against her, and never showed her arrest or search warrants. Dkt. No. 1 at p. 20. It is

unclear what Plaintiff is alleging. Accordingly, Plaintiff's complaint, as drafted, fails to state a claim upon which relief may be granted against this defendant. If Plaintiff wishes to avoid dismissal of this defendant, she must set forth a sufficient claim in her amended complaint.

Second, Plaintiff summarily asserts that the Sheriff "molested" her. Dkt. No. 1 at p. 28. Plaintiff's conclusory allegation is completely unsupported by specific allegations of fact and is insufficient to state a claim. Accordingly, to the extent that Plaintiff alleges that the Sheriff molested her, this claim should be dismissed.

### 18.     Defendant Oneida County Sheriff's Department

Plaintiff named the Oneida County Sheriff's Department as a defendant. Dkt. No. 1. To the extent that Plaintiff named this entity as a defendant because she asserts allegations involving the Oneida County Sheriff, "[a] municipality or municipal entity cannot be held liable under Section 1983 on a respondeat superior theory." *Bliven v. Hunt*, 478 F. Supp. 2d 332, 336 (E.D.N.Y. 2007) (citing *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). "Rather, to establish municipal liability under § 1983 for unconstitutional acts by a municipality's employees, a plaintiff must show that the violation of [his or] her constitutional rights resulted from a municipal custom or policy."[6] "Thus, to hold a [municipality] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to . . . prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional

---

[6] *Powell*, 2005 WL 3244193, at *5; *Monell*, 436 U.S. at 690-691 ("[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."); *Batista*, 702 F.2d at 397 ("[M]unicipalities may be sued directly under § 1983 for constitutional deprivations inflicted upon private individuals pursuant to a governmental custom, policy, ordinance, regulation, or decision."); *Smith v. City of New York*, 290 F. Supp.2d 317, 321 (S.D.N.Y. 2003) ("In order to establish the liability of [municipal] defendants in an action under § 1983 for unconstitutional acts by [its] employees, a plaintiff must show that the violation of [his or] her constitutional rights resulted from a municipal custom or policy.").

right."[7]

Plaintiff fails to set forth allegations of municipal custom or policy sufficient to state a claim. Accordingly, if Plaintiff wishes to avoid dismissal of this defendant, she must set forth a sufficient claim in her amended complaint.

### 19. Defendants Krishnappa, Mallick, and Thesee

Plaintiff appears to complain of the treatment provided by Drs. Krishnappa, Mallick, and Thesee while she was at Oneida County Psychiatric Center. Dkt. No. 1 at pp. 18-19. Plaintiff seeks awards from their malpractice insurance carriers. *Id.* at p. 29.

Claims of malpractice or disagreement with treatment are not actionable under section 1983. *Murphy v. Grabo*, No. 94-CV-1684, 1998 WL 166840, at *4 (N.D.N.Y. Apr. 9, 1998) (internal citation omitted). Rather, to establish an Eighth Amendment claim arising out of inadequate medical care, a plaintiff must prove "deliberate indifference to [her] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The standard of deliberate indifference includes both subjective and objective components. "First, the alleged deprivation must be, in objective terms, 'sufficiently serious.'" *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (quotation and other citation omitted). Second, the defendant "must act with a sufficiently culpable state of mind." *Id.* (citation omitted). An official acts with the requisite deliberate indifference when that official "'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id.*

---

[7] *Batista*, 702 F.2d at 397, *accord*, *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995), *McKeon v. Daley*, 101 F. Supp.2d 79, 92 (N.D.N.Y. 2000) (Hurd, J.), *Merriman v. Town of Colonie, NY*, 934 F. Supp. 501, 508 (N.D.N.Y. 1996) (Homer, M.J.); *Douglas v. County of Tompkins*, 90-CV-0841, 1995 WL 105993, at *12 (N.D.N.Y. March 2, 1995) (McCurn, J.), *Keyes v. County of Albany*, 594 F. Supp. 1147, 1156 (N.D.N.Y. 1984) (Miner, J.).

(quotation omitted).

Here, Plaintiff's allegations are vague, confusing, and disjointed. She asserts, *inter alia*, that no doctor at the Psychiatric Center "took their own [blood pressure];" Dr. Krishnappa prescribed several medications, but she was never prescribed Cogentin while at the center, but "doubt[s] it would had done any good;" and "Dr. Mallick had been an acting psychiatrist yet Dr. Thesee encouraged injections but he claimed [Plaintiff] had a left sided mastectomy." Dkt. No. 1 at p. 19. She then states, "They are all ridiculous and criminal." *Id.* It is unclear what Plaintiff is alleging regarding Defendants Krishnappa, Mallick, and Thesee. Accordingly, Plaintiff's complaint, as drafted, fails to state a claim upon which relief may be granted against these defendants. If Plaintiff wishes to avoid dismissal of these defendants, she must set forth a sufficient claim in her amended complaint.

### 20.     Defendant New York State Governor's Office

Plaintiff named the New York State Governor's Office as a defendant. Dkt. No. 1, at p. 1. Plaintiff alleges that she sent notices of claims to this defendant. *Id.* at p. 16. Plaintiff also summarily claims that this defendant breached her civil rights. *Id.* at p. 24. Regarding the former allegation, it is unclear what Plaintiff is alleging, since she failed to include relevant information such as descriptions of the notices and when she sent the notices. Regarding the latter allegation, this allegation is conclusory and insufficient to state a claim. Therefore, the complaint, as drafted, fails to state a claim upon which relief may be granted against this defendant. Accordingly, if Plaintiff wishes to avoid dismissal of this defendant, she must set forth a sufficient claim in her amended complaint.

### 21.     Defendants Lemon, York St. Clinic, and Neighborhood Center

Plaintiff alleges she reported to Defendant Lemon, a social worker, and to Defendant York St. Clinic that she had no electricity, food, or functioning vehicle. Dkt. No. 1 at p. 17. Plaintiff also states

that she was "harassed" by Defendant York St. Clinic and Defendant Neighborhood Center. *Id.* at pp. 16-17. It appears that Plaintiff is seeking the termination of Defendant Lemon, and an award from her malpractice insurance carrier. *Id.* at pp. 29-30.

The complaint fails to clearly indicate how or when these defendants violated Plaintiff's rights. Accordingly, the complaint fails to state a claim on which relief may be granted against these defendants. If Plaintiff wishes to avoid dismissal of these defendants, she must set forth a sufficient claim in her amended complaint.

### D. Amended Complaint

In light of the special solicitude afforded to *pro se* litigants in the Second Circuit, I recommend that Plaintiff may file an amended complaint **within thirty (30) days of the filing date of any Order adopting this Report and Recommendation** should she wish to avoid dismissal of the action. Any amended complaint, which shall supersede and replace in its entirety Plaintiff's original complaint (Docket No. 1), **must contain a short and plain statement** of the claim showing that she is entitled to relief with all averments of claim set forth in numbered paragraphs. *See* Fed. R. Civ. P. 8(a)(2) & Fed. R. Civ. P. 10(b). The amended complaint must also allege claims of misconduct or wrongdoing against defendants which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction. **Plaintiff is advised that all claims must be set forth in the amended complaint. Claims may not be set forth solely in exhibits.**

## II. Application to proceed *in forma pauperis*

Plaintiff submitted an application to proceed *in forma pauperis*. Dkt. No. 2. A review of the application indicates that Plaintiff may proceed *in forma pauperis*.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the Clerk remove the party text "and children" from Plaintiff Maureen E. Scott's name on the docket; and it is further

**RECOMMENDED**, that the Clerk add the following entities as defendants to the docket: Sheriff of Oneida County; "N.Y.S. Atty Gen.;" "N.Y.S. Court System;" U.S. Court System; "N.Y.S. Health Dept.;" and "N.Y.S. Gov. Office;" and it is further

**RECOMMENDED**, that the following defendants be dismissed: Doug Campbell; Desiree Golden; Heather Djeck; Kehoe; Michael McCormick; Judge Hester; Judge Mark Ritter; Judge James Tormey; Judge Escziac; Grant Garramone; "N.Y.S. Atty Gen.;" "N.Y.S. Atty Gen. RE[:] Asst. Atty Gen. Trace;" U.S. Commission of Civil Rights; U.S. Court System; New York State Police; "N.Y.S. Court System;" "N.Y.S. Health Dept.;" Scott McNamara; Brian Miga; Mr. Smith; Kathy Schmelzle; Town of Forestport Court Clerk; Paschke; Oneida County Psychiatric Dietary; Dr. Mendolez; Cathy Totaro; Mills, R.N.; Dr. Smith; Samuel Giacona; William Stevens; "Bernabi and (Katz) Wachtel, PLLC;" Katti Daffan; Patricia Branch; Smith, Sovik, Kendrick and Sugnet; Christopher S. Ciaccio; Olinsky and Shurtliff; Silberstein, Awad and Miklos; Carroll and Carroll; Kenny and Kenny; Green and Foushee; Richard N. Bach; Nesbuth; Oneida County Health Department; and Daniel W. Gilmore; and it is further

**RECOMMENDED**, that to the extent that Plaintiff summarily alleges that the Sheriff of Oneida County molested her, this claim be dismissed; and it is further

**RECOMMENDED**, that Plaintiff may file an amended complaint **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that if Plaintiff fails to timely file an amended complaint, the Clerk shall enter judgment dismissing this case **without prejudice** without further Order of the Court due to

-17-

Plaintiff's failure to comply with the terms of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that upon the filing of an amended complaint, the file be returned to the Court for further review; and it is further

**ORDERED**, that the *in forma pauperis* application (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED**, that the Clerk serve copies of this Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: November 5, 2009
       Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge