UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MAUREEN E. SCOTT,

                                        Plaintiff,

                                                                    5:09-CV-1122
v.                                                                  (GTS/GHL)

HEATHER DJECK; DOUG CAMPBELL; DESIREE GOLDEN;
TOWN OF FORESTPORT JUDGE MARK RITTER; TOWN OF
FORESTPORT COURT CLERK; BRIAN MIGA, Town of Forestport
Supervisor; KATHY SCHMELZLE, Forestport Town Clerk '07;
MR. SMITH, Forestport Town Codes Officer; MS. PASCHKE,
Forestport Town Receiver of Taxes; SCOTT McNAMARA, Dist. Atty.,
Oneida County; GRANT GARRAMONE, Assist. Dist. Atty.,
Oneida County; ONEIDA COUNTY PSYCHIATRIC CTR.;
DR. KRISHNAPPA, Oneida County Psychiatric Ctr.; DR. MALLICK,
Oneida County Psychiatric Ctr.; DR. THESEE, Oneida County
Psychiatric Ctr.; DR. MENDOLEZ, Oneida County Psychiatric Ctr.;
CATHY TOTARO, Nurse Pract., Oneida County Psychiatric Ctr.;
YORK ST. CLINIC; MS. LEMON, Social Worker, York St. Clinic;
MR. MILLS, R.N., York Street Clinic; DR. SMITH, York St. Clinic;
SAMUEL GIACONA, Atty.; WILLIAM STEVENS, Atty.;
BERNABEI & WACHTEL, PLLC; KATI DAFFAN,
Bernabei & Wachtel; PATRICIA BRANCH, Office Manager,
Bernabei & Wachtel; SMITH, SOVIK, KENDRICK & SUGNET, P.C.;
CHRISTOPHER S. CIACCIO, Atty.; OLINSKY & SHURTLIFF, LLC;
SILBERSTEIN, AWAD & MIKLOS, P.C.;
CARROLL & CARROLL LAWYERS, P.C.;
KENNY & KENNY, PLLC; U.S. COMM'N OF CIV. RIGHTS;
GREEN & FOUSHEE; RICHARD N. BACH; THE NBHD. CTR.,
c/o Linda Parker; KEHOE AND NESBUTH, Pub. Def. Office, Utica, N.Y.;
JUDGE JAMES TORMEY, Supreme Ct., Oneida County; JUDGE HESTER,
Supreme Ct., Oneida County; TRACE, Assis. N.Y.S. Atty. Gen.; M.H.L.S.
MICHAEL McCORMICK, Atty., Oneida County Psychiatric Ctr.;
ONEIDA COUNTY HEALTH DEPT.; DANIEL W. GILMORE,
Dir. of Envtl. Health, Oneida County; TOWN OF BOONEVILLE
JUDGE ESCZIAC; N.Y.S. POLICE; ONEIDA COUNTY SHERIFF'S
DEPT.; SHERIFF, ONEIDA COUNTY; N.Y.S. ATTY. GEN.;
N.Y.S. COURT SYS.; U.S. CT. SYS.; N.Y.S. HEALTH DEPT.; and
N.Y.S. GOVERNOR'S OFFICE;

                                        Defendants.
_____

APPEARANCES:

MAUREEN E. SCOTT
  Plaintiff, *Pro se*
8E Schwartz Towers
Auburn, New York 13021

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court in this *pro se* civil rights action is a Report-Recommendation, filed by United States Magistrate Judge George H. Lowe on November 5, 2009, recommending, *inter alia*, that a number of Defendants be dismissed from this action, and that the Court dismiss Plaintiff's entire Complaint if she fails to file an Amended Complaint within thirty (30) days of the filing date of this Decision and Order.  (Dkt. Nos. 2, 5.)  Plaintiff has not filed an Objection to the Report-Recommendation.  For the reasons set forth below, Magistrate Judge Lowe's Report-Recommendation is accepted and adopted in its entirety; forty-four (44) Defendants are dismissed from this action; and the remainder of Plaintiff's Complaint is conditionally dismissed unless, within thirty (30) days of the filing date of this Decision and Order, Plaintiff files an Amended Complaint that states a claim upon which relief can be granted (with respect to her remaining causes of action).

I.    **STANDARD OF REVIEW**

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *See* 28 U.S.C. § 636(b)(1)(C).[1]

_____

[1]    On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony

When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice.  *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2]  Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice.  *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

II.  **DISCUSSION**

After carefully reviewing all of the papers in this action, including Magistrate Judge Lowe's thorough Report-Recommendation, the Court can find no error in the Report-Recommendation, clear or otherwise.  As a result, the Report-Recommendation is accepted and adopted in its entirety.

---

at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[2]    *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 5) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Clerk of the Court remove the words "and children" after Plaintiff's name on the docket sheet; and it is further

**ORDERED** that the Clerk of the Court add the following entities as named Defendants to the docket: "Sheriff, Oneida County"; "New York State Attorney General"; "New York State Court System"; "United States Court System"; "New York State Health Department"; and "New York State Governor's Office"; and it is further

**ORDERED** that the Clerk of the Court further amend the docket so as to (1) delete the words "Oneida Co. Psychiatric Dietary" and replace them with the words "Oneida County Psychiatric Center", (2) delete the words "Bernabei and (Katz) Wachtel, PLLC," and replace them with the words "Bernabei & Wachtel, PLLC", and (3) delete the words "N.Y.S. Atty Gen. RE. Asst. Atty Gen. Trace" and replace them with the words "Trace, Assistant New York State Attorney General"; and it is further

**ORDERED** that Plaintiff's claims against the following forty-four (44) named Defendants are **DISMISSED** from this action: (1) Heather Djeck; (2) Doug Campbell; (3) Desiree Golden; (4) Michael McCormick; (5) Judge Hester; (6) Judge Mark Ritter; (7) Judge James Tormey; (8) Judge Escziac; (9) Grant Garramone; (10) New York State Attorney General; (11) Assistant New York State Attorney General Trace; (12) U.S. Commission of Civil Rights; (13) "U.S. Court System"; (14) New York State Police; (15) "New York State Court System"; (16) New York State Health Department; (17) Scott McNamara; (18) Brian Miga; (19) Mr. Smith, Town Codes Officer; (20) Kathy Schmelzle; (21) Town of Forestport Court Clerk; (22)

Ms. Paschke, Town Receiver of Taxes; (23) Oneida County Psychiatric Center; (24) Dr. Mendolez, Oneida County Psychiatric Center; (25) Cathy Totaro; (26) Mr. Mills, R.N., Oneida County Psychiatric Center; (27) Dr. Smith, Oneida County Psychiatric Center; (28) Samuel Giacona, Esq.; (29) William Stevens, Esq.; (30) Bernabei & Wachtel, PLLC; (31) Kati Daffan; (32) Patricia Branch; (33) Smith, Sovik, Kendrick & Sugnet, P.C.; (34) Christopher S. Ciaccio, Esq.; (35) Olinsky and Shurtliff, LLC; (36) Silberstein, Awad & Miklos, P.C.; (37) Carroll & Carroll Lawyers, P.C.; (38) Kenny & Kenny, PLLC; (39) Green & Foushee; (40) Richard N. Bach; (41) Public Defender Kehoe; (42) Public Defender Nesbuth; (43) Oneida County Health Department; and (44) Daniel W. Gilmore; and it is further

ORDERED that, to the extent that Plaintiff claims that the Sheriff of Oneida County "molested" her, that claim is **DISMISSED**; and it is further

ORDERED that the remainder of the claims in Plaintiff's Complaint (Dkt. No. 1) will be *sua sponte* **DISMISSED** in their entirety, without prejudice, and without further Order of this Court, unless, within **THIRTY (30) DAYS** of the filing date of this Decision and Order, Plaintiff files an Amended Complaint that states a claim upon which relief may be granted (with regard to the causes of action not dismissed above in this Decision and Order).

Dated:  January 11, 2010
          Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge